# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CASE NO.

| | |
|---|---|
| **Adele Hamed,** <br> *Plaintiff*, | ) <br> ) <br> ) |
| vs. | )        **COMPLAINT** <br> )        *(Jury Trial Requested)* <br> ) |
| **DynCorp International LLC,** <br> *Defendant*. | ) <br> ) <br> ) <br> ) |

1.

This action is brought by a female citizen of Cumberland County, North Carolina, for compensatory and punitive damages.

2.

Plaintiff, Adele Hamed, is a female citizen of the United States and the State of North Carolina and resides in Cumberland County, North Carolina.

3.

Defendant Company is a corporation qualified to do business in the State of North Carolina. Defendant Company is an employer engaged in an industry that affects commerce and employs more than five hundred (500) employees.

4.

   a. All conditions precedent to jurisdiction under 42 USC § 2000e-5(f)(3) have occurred or been complied with, to wit:

- Plaintiff timely submitted a charge of discrimination on the basis of sex discrimination and retaliation to the Equal Employment Opportunity Commission (EEOC).

- On or about December 7, 2012, the EEOC mailed the Plaintiff a "notice of right to sue letter". A copy of this notice is attached and incorporated in this complaint.

5.

Plaintiff began her employment with Defendant Company in February 2012. Plaintiff was hired to the position of Movement Control Coordinator. Plaintiff contends that at all times alleged herein, she was qualified for any position she held with the defendant company.

6.

The Plaintiff contends that starting in approximately February 2012, Christopher Rochester, a male co-worker began subjecting her to a hostile work environment. At the time, Plaintiff was being transferred under Rochester's supervision.

7.

The Plaintiff contends that the harassment by Rochester included, but was not limited to, making sexually explicit statements to her, describing in lewd detail his desires and intentions to have a sexual relationship with Plaintiff. Plaintiff consistently rejected Rochester's advances and requested that he stop; however, Rochester did not.

8.

The Plaintiff contends that she immediately complained to Rochester's superiors, providing a transcript of a skype conversation containing Rochester's lewd and explicit comments. Thereafter, Rochester was removed from his position. However, Plaintiff continued to

experience harassment from Rochester's peers in retaliation for her complaints regarding sexual harassment against Rochester.

9.

The Plaintiff contends that she experienced the aforementioned harassment from supervisors Frederick Jones and Dan Sullivan specifically, as well as, various other employees under their supervision.  This harassment included but was not limited to derogatory and intimidating written statements, as well as, being subjected to a hostile and threatening work environment.

10.

The Plaintiff contends that Jones would arbitrarily assign her to strenuous tasks and subject her to increased scrutiny due her gender and in retaliation for her complaints against Rochester.

11.

The Plaintiff contends that Sullivan made continuous false complaints about Plaintiff's work performance.  Sullivan's complaints were not substantiated; however, Sullivan's complaints caused Plaintiff to be subjected to continuous investigation by human resources.

12.

The Plaintiff contends that Sullivan was forced to admit to his unprofessional behavior towards the Plaintiff; however, nothing was done.  Thereafter, Plaintiff contends that she attempted to make a complaint of harassment with the Defendant Company; however, the investigator neglected her complaints.

13.

Thereafter, Plaintiff applied for a position in Kandahar to escape the aforementioned harassment. However, on October 12, 2012, Plaintiff was informed that she was being discharged for

providing false information on her resume.  Prior to her hire, Plaintiff's resume was intensely vetted for veracity and cleared without issue.

14.

The Plaintiff contends that the defendant company's sexual harassment policies were ineffective and unreasonable, and were not complied with by human resources or other supervisory/management officials.

15.

The Plaintiff contends that the human resources department failed to adequately investigate her complaints.

16.

The Plaintiff further contends that the aforementioned employees subjected her to disparate treatment due to her gender, as evidenced by the professional manner in which they treated similarly situated male employees.

17.

Plaintiff contends that she was routinely subjected to offensive harassment due to her gender, in terms of the work conditions, privileges, benefits and work environment.  The Plaintiff contends that she is a member of a protected class and was harassed by her co-workers because of her gender.  The Plaintiff further contends that such harassment was unwelcome and was sufficiently severe and pervasive to alter the conditions of employment and to create an abusive and hostile working environment; and the employer knew or should have known of the harassment and failed to take prompt effective remedial action. The Plaintiff further contends that she experienced harassment on an almost a daily basis.  The Plaintiff contends that the

aforementioned harassment occurred in the presence of other employees of the defendant company.

18.

The Plaintiff contends that the Defendant Company knew or should have known that its employees, were unjustifiably treating a female employee differently than non-female employees.  Notwithstanding, the Defendant Company's failure to act accordingly effectively ratified and condoned the harassing treatment of the Plaintiff. Specifically, the Plaintiff contends that Defendant Company's behavior was consistently disruptive and of a harassing nature.

19.

The Plaintiff further contends that the aforementioned employee's behavior caused her to be fearful in her work environment and caused her to be demeaned, disregarded and disrespected. The Plaintiff further contends that she has sought treatment by a therapist and medical doctor for the aforementioned conditions.

20.

Plaintiff contends that as a result of the harassment she experienced from Defendant Company's employees due to her gender and retaliation, she has suffered and continues to suffer severe emotional distress, including but not limited to headaches, chronic depression, insomnia, chronic anxiety, stress, "nervous stomach," and fear.

21.

All supervisors and employees were, at all times herein, working within the course and scope of their employment and in furtherance of the employers business. The plaintiff contends that at all times herein, the defendant company had the power, authority and responsibility to control Rochester, Jones, Sullivan's and other employees' conduct within the workplace; however it

failed to do so. Further, pursuant to the doctrine of respondeat superior, the Defendant Company is vicariously liable for acts herein alleged against those employees. Alternatively, the acts of the aforementioned employees may not have been within the scope of their employment. Plaintiff alleges that the employer remains liable for its negligent retention of those employees.

22.

The plaintiff contends that the defendant's reason for her termination is pretextual; and that she was terminated due to her gender and in retaliation for complaining about gender discrimination and hostile work environment.

23.

The Plaintiff further contends that she engaged in protected activity when she complained about gender discrimination and hostile work environment in the workplace, and when she opposed gender discrimination in the workplace.

24.

The Plaintiff contends that she suffered an adverse employment action after complaining about gender discrimination and hostile work environment.

25.

The Plaintiff contends that the defendant company had sexual harassment policy which was ineffective and not complied with by human resources or other supervisory/management officials.

COUNT ONE

The Defendant, by and through its agents and employees, subjected the plaintiff to gender discrimination and terminated her due to her gender in violation of NCGS §143-422.2.

## COUNT TWO

The Defendant, by and through its agents and employees, subjected the plaintiff to gender discrimination and terminated her due to her gender in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991.

## COUNT THREE

The Defendant, by and through its agents and employees, subjected the plaintiff to a hostile work environment due to her gender in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991.

## COUNT FOUR

The Defendant is liable to the Plaintiff for retaliating against her for engaging in protected activity and for opposing practices made unlawful pursuant to Title VII of the Civil Rights Act of 1964, and as amended in 1991.

WHEREFORE, Plaintiff prays the Court that it:

1. Award Plaintiff compensatory damages in excess of $10,000.00 for pecuniary losses, emotional pain, and mental anguish, together with attorneys' fees and the cost and disbursements of this action;

2. Award Plaintiff punitive damages in excess of $10,000.00;

3. Award Plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

4. Grant Plaintiff a jury trial on all issues of fact, and;

5. Grant such other relief as may be just and proper.

This the 11th of March, 2013.

**GRAY NEWELL, LLP.**

    BY:    <u>/s/ Angela N. Gray</u>
               Angela N. Gray, Esq.
               Gray Newell, LLP
               4801 Glenwood Avenue, Suite 200
               Raleigh, North Carolina 27612
               Telephone:     (919) 782-7777
               Facsimile:     (919) 869-1300
               Email:         angela@graynewell.com
               *Attorney for Plaintiff*
               NC State Bar #21006

               <u>/s/ Michael G. Newell</u>
               Michael G. Newell, Esq.
               Gray Newell, LLP
               4801 Glenwood Avenue, Suite 200
               Raleigh, North Carolina 27612
               Telephone:     (919) 782-7777
               Facsimile:     (919) 869-1300
               Email:         michael@graynewell.com
               *Attorney for Plaintiff*
               NC State Bar #39944